IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
IN ADMIRALTY

| | | |
|---|---|---|
| MICHELLE C. MCFADYEN, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| PHILLIP W. AMERSON, ) | | |
| Defendant/ ) | 4:06-CV-101-BR | |
| Third Party Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| JOHN EMMETT MOREFIELD PERDUE ) | | |
| and GARRETT RAYMOND PERDUE, ) | | |
| Third-Party Defendants. ) | | |

| | | |
|---|---|---|
| ANGELA J. JONES, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| PHILLIP W. AMERSON, ) | | |
| Defendant/ ) | 4:06-CV-105-BR | |
| Third Party Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | | |
| JOHN EMMETT MOREFIELD PERDUE ) | | |
| and GARRETT RAYMOND PERDUE, ) | | |
| Third-Party Defendants. ) | | |

| | | |
|---|---|---|
| PEGGY G. AMERSON, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | |
| ) | 4:06-CV-121-BR | |
| JOHN EMMETT MOREFIELD PERDUE, ) | | |
| GARRETT RAYMOND PERDUE and ) | | |
| PHILLIP W. AMERSON, ) | | |
| Defendants. ) | | |

**O R D E R**

These consolidated cases arose out of a boating accident which occurred on 29 June 2003 on the Trent River in the vicinity of New Bern, Craven County, North Carolina. A non-jury trial was held before the undersigned, beginning on 22 October 2007. At the conclusion of the trial on 25 October 2007, the court announced its findings of fact and conclusions of law on the liability issues, finding, among other things, that the negligence of defendant Phillip W. Amerson was the proximate cause of the collision between the two vessels and the resulting injuries to Michelle McFadyen, Angela J. Jones and Peggy G. Amerson. The court reserved ruling on the damages issues and now makes the following, additional,

## FINDINGS OF FACT

1. Plaintiff Angela J. Jones, a former Marine, was in excellent physical condition prior to the accident. In the accident, she received injuries to her neck, shoulder, back and head. She had bruises about her legs and arms and was extremely sore over most of her body. She sought medical attention from a chiropractor, orthopedist, neurologist and physical therapist. She continues to have headaches as a result of the accident, requiring her to take the medication Topomax.

2. Prior to the accident Angela Jones was gainfully employed. As a result of injuries received in the accident she was required to reduce her employment to a part-time basis, resulting in a loss of wages.

3. Angela Jones incurred medical expenses in the amount of $15,682.81 and lost wages in the amount of $34,736.38. She has been subjected to pain and suffering as a result of her injuries and the treatments rendered therefor in the amount of $125,000.

4. Plaintiff Michelle C. McFadyen was, prior to the accident, in good health. She was a lawyer by training but, at that time, temporarily employed as a waitress. During the collision she

2

was knocked unconscious and was thrown to the bottom of the vessel in which she was riding. She was unable to get up and was removed from the vessel on a stretcher by EMT personnel. She was transported to Craven Regional Medical Center where she was given medication for her pain. She was transferred by ambulance to Pitt County Hospital where she was examined and treated for two days.

    5. Michelle McFadyen sustained the following injuries in the accident: a subarachnoid hemorrhage within the right sylvian fissure of the brain; widening of the superior mediastinum; tibial plateau fracture of the right knee; tears of the anterior and posterior cruciate ligaments of the right knee; loss of range and motion and sensation in the right knee; and, damage to the right lateral incisor and both central incisors. She has been subjected to pain and suffering as a result of her injuries and the treatments rendered therefor. She has scarring on her right knee and a 19% permanent partial disability of her right lower extremity.

    6. Michelle McFadyen incurred medical expenses in the amount of $43,521.68 and lost wages in the amount of $20,000. She is entitled to recover $25,000 for her scarring, $125,000 for her pain and suffering and $175,000 for her partial permanent disability.

    7. Peggy Amerson was, prior to the accident, in good health. She was very active in sports and worked out in a gym on a regular basis. During the accident she was knocked unconscious and thrown to the bottom of the vessel. She refused treatment by emergency medical personnel and was carried to her home by her husband and a local policeman. She remained in bed until the next day. When she attempted to get out of bed she could not stand up and was transported to Craven Regional Medical Center. On 3 July 2003 she was transferred to Duke University Medical Center.

    8. Peggy Amerson sustained the following injuries in the accident: bruises about her body;

fracture of the hemipelvis on the right side with inward protrusion of the pelvic head; and, comminuted fracture of the right acetabulum and right iliac wing. She had surgery at Duke on 3 July 2003 and was discharged to her home on 7 July 2003. Her hip did not heal satisfactorily and on 17 November 2003, she returned to Duke where she underwent total hip replacement surgery. She was discharged from Duke on 20 November 2003 and returned home for recuperation and physical therapy. During this time she had to use a wheelchair, walker, cane and other devices to assist her in moving about.

9. Peggy Amerson has been subjected to pain and suffering as a result of her injuries and the treatments rendered therefor. She has extensive scarring over her body. She has a 50% permanent partial disability of her right lower extremity (or 20% of the whole person). Her activities since the accident have been greatly curtailed. She has been unable to exercise on a regular basis and has gained a considerable amount of weight, resulting in a loss of self esteem and confidence.

10. Peggy Amerson was gainfully employed at the time of the accident. As a result of the injuries she suffered in the accident she has lost wages.

11. Peggy Amerson likely will require an additional hip replacement. Her pain and suffering will likely continue throughout her life.

12. Peggy Amerson incurred medical expenses in the amount of $108,869.15 and lost wages in the amount of $23,959.72. She will incur future medical expenses in the amount of $46,468.22. She is entitled to recover $125,000.00 for her scarring, $175,000.00 for her pain and suffering and $275,000.00 for her permanent partial disability.

13. The damages suffered by Angela Jones, Michelle McFadyen and Peggy Amerson were

4

proximately caused by the negligence of Phillip Amerson.

The foregoing Additional Findings of Fact engender the following, additional,

## CONCLUSIONS OF LAW

Plaintiffs Angela J. Jones, Michelle C. McFadyen and Peggy G. Amerson are entitled to recover of defendant Phillip W. Amerson, as follows:

| | |
|---|---|
| Angela J. Jones | $175,419.19 |
| Michelle C. McFadyen | $388,521.68 |
| Peggy G. Amerson | $750,483.84 |

It is, therefore, ORDERED, ADJUDGED AND DECREED THAT:

1. Angela J. Jones have and recover of Phillip W. Amerson $175,419.19.

2. Michelle C. McFadyen have and recover of Phillip W. Amerson $388,521.68.

3. Peggy G. Amerson have and recover of Phillip W. Amerson $754,297.09.

4. The costs of this action be taxed against Phillip W. Amerson.

5. Neither Plaintiffs nor Third-Party Plaintiffs have and recover anything of Defendants John Emmett Morefield Perdue or Garrett Raymond Perdue.

This 9 November 2007.

_____
W. Earl Britt
Senior U.S. District Judge